Arguments not to exceed 15 minutes per side. Mr. Brandt, you may proceed for the appellant. Thank you. Good afternoon. I please the court. Jeff Brandt on behalf of the defendant appellant of Denver Lee. Our position is the district court abused its discretion, clearly erred and constitutionally erred by permitting the government to cross-examine Mr. Lee based upon a prior conviction for possession as a felon. Our position is that not only was that open the door to that evidence because he had not testified in conflict with that prior conviction. Can I ask you what is your view under which this evidence was introduced? I saw three options, rule 608, rule 609, or what the case law seems to call the impeachment by contradiction rule, which I take to mean if you assert a fact and then on cross-examination you're allowed to explain why that fact is not true. Do you have an instinct or a position on what rule of law or rule of evidence this evidence came in? I wasn't counsel in the district court, but from the record it seems to me that it changed that before Mr. Lee testified it was going to come in under rule 609 and then with the balance of 403 the district court judge finding that the probative value was very little but the prejudice with the prior drug convictions was also not much but the prior drug conviction was prejudicial because it was the exact same offense. I think that changed once Mr. Lee testified because the government then I think invoked that impeachment rule in the case law to say Mr. Lee has now testified in conflict with his prior conviction therefore now we can and I think in conjunction also argued that changed the probative value of the prior conviction. Do you concede that the meaning of your client's testimony so the district court found that your client essentially testified that he was never around guns was a long-standing practice and that's why the district court thought that this value because it would suggest that maybe it wasn't so much of a long-standing practice. Do you concede that that finding is a factual finding that we review for clear error? I know I guess with hesitancy yes I know that the district court didn't really make that holding the government proposed that and then the district court said on that theory will allow the government to cross-examine but when I look at that part of the record and I'll have a site for the court in a moment I think it's 570 page id 575 I don't think the district court is making that holding but assuming that the court is making a holding in support I think I have to concede that that part is a clear error review that the court has to review and see whether that's unsupported by what Mr. Lee actually stated. And do you think I my instincts was just the nevers maybe the few nevers or whatnot may have been if I'm reading the cold transcript you might have something there but then I saw that he testified about another incident in the winter where he said that he was in a car with somebody who had a gun and he he immediately got out of the car which obviously didn't happen on this occasion and it could provide support for the for a factual finding that he was talking not just specifically about this occasion but was talking more generally about a long-standing practice. I think the two portions of the record that the context show the opposite that he's talking every time he's using never or ever he's talking about this specific gun or being in Ms. Safadi's car and the time he seems to be speaking generally speaks in present tense and you know conceitedly colloquially that's not grammatically to correct to say I don't be around guns but it's also in his community and how he's grown up his way of saying I at that time in the context of when I'm being asked a question I didn't possess weapons. I don't think that even with I if I get your honor's point that another time he's talking and that might provide context but there's another time that he said and I'll give a cite in a moment for the court there's another time he says I always run does that mean he's been running since forever? He uses the word always to mean now and I think the overall context it does it's definitely even under his view I have to think because he gave another example it at least means more than just this one incident it means that there's some type of review and then we have evidence suggesting that it's more than this just just this one occasion doesn't that make it difficult for us to overturn the judge who was watched him and saw his credibility and could see his body language more closely kind of get get the feel for what he was implying to the jury. If it were a credibility issue I think that's stronger but I think when what Mr. Lee said was quote in conflict in conflict with this prior conviction I don't think there's a single line in the transcript or even in the context that he's being asked the question that it shows that it's in conflict he uses the present tense and I think that if we look greater than just what he's asked I actually think that supports our view that he uses the present tense to talk about those instances February 2018 and I think the government's cross-examination actually helps show this when the government cross-examines Mr. Lee and says hey look you just testified that you're never around guns he immediately no hesitation says yeah in 2018 and the government tries to pin him down harder to try to get the him to say what it said and he goes no that that's not what happened I'm saying back then I didn't do it and here's why because in 2005 I got in trouble and from then on I didn't like to be around guns and I think that helps is the standard here counselor what um what we used to call he opened the door so that what that would do is we are looking at the record itself as to how he responds because now we're outside the rules of evidence right we are in the the general rule which historically I understood to be I'm not going to let you put this into the record now you're testifying well you have opened the door you have opened the door and so you will be cross-examined on it so that limits our review of whether that language opened the door that had been closed because of potential prejudicial nature of that of that evidence is now open because the testifying individual opened it so your argument is that he never opened the door um give a I understand there's some pretty generic language in there about I never I always um and I'll ask your opposing counsel the same question where is it in particular in this transcript that you would say this testifying witness opened the door is there one there's no point and I think I go through the look how he's talking about that day he's asking specifically what were you wearing and in that context is the first time he says never and the next time it comes up it's about the car you in the car yeah briefly did you see a gun in there no never at no time then the next time they're talking it's about again about the day and when the police officers approach you and y'all look at the tape and that's uh page id 571 uh the government's response brief seems to uh point more to page id 575 when mr lee says she meaning lena safada no I don't have guns around me and I guess the extrapolation is I don't have guns around me means forever but in the context he's talking about his assistant on that day and why no gun should be around I think again then then doesn't the question become whether if this was in fact error it was harmless error yes your honor and again we submitted why was it not harmless error in light of the of all the evidence in the case well the evidence is uh the detective brents or claims he pulled the gun off of mr lee uh one other officer says he saw that happen mr lee testifies that he didn't have a gun the guns registered to someone else who's at the scene this creates a genuine issue for the jury on who's telling the truth but the jury instead of just having that question open for let's decide who's credible is told and I see the but if I could finish this sentence it's told uh that this defendant has this exact same prior conviction and that is so prejudicial there's no jury instruction in the world that could unring that bell and do you in your estimation does the video answer the question I don't think it does the video doesn't show the gun come out of the pocket it's a video only in conjunction with the officer testifying shows that that gun was taken for mr lee and if the video showed we uh we do not yet possess the video if the video showed that there was bulk in the hoodie pocket that suggests a weapon would that wouldn't that undercut your case it would but I don't think that's what the video shows and the testimony also was he had other things in his pockets like keys and cash but I think the government's strongest video was 7a but it still does not show that gun coming from mr lee other questions uh if you if you don't mind I might switch briefly one question about um the rehaf issue uh I just what's your best argument for distinguishing the cotton case the supreme court case involving a drug quantity um not alleged in the indictment it seems to me that that's on all fours with this case because it wasn't alleged in the indictment and the court but it wasn't argued so um clear air applied or plain air applied and then they found that they they reserved the question whether that type of air is structural but then they found under prong four that that type of air was not problematic it was harmless I think our best argument is that cotton had to do with 841 where drug quantity isn't an element of defense until you talk about sentencing the same is not true here we you know we can have a conspiracy a drug conspiracy conviction if we don't have an exact drug amount approved but that's not true when it comes to 922 g now you can't have a conviction without one of those elements approved and then just move on to sentencing to decide with the level of punishment thanks thank you any further questions all right opposing counsel afternoon your honors and may it please the court john mikes on behalf of the united states a criminal defendant has a right to testify in this defense it's not a right to mislead the jury the district judge in this case was very careful with mr lee's prior firearm when the government initially sought to introduce it under federal rule of evidence 609 the court did a careful analysis and decided to initially keep the conviction out because it was worried about any possible prejudice but then mr lee's testimony forced the judge's hand and changed his mr lee got up on the stand and on direct examination of his own doing he made broad statements indicating that he was not the kind of person who would have a gun please go ahead i was just going to ask the same question that i asked before which is what's your view on what rule of evidence this was entered under 608 609 or what is known as the rule against a rule of contradiction i believe the government's purpose was introducing it as impeachment by contradiction i think there is some support in the record that the court also thought that mr lee's testimony changed the probative value of the conviction under rule 609 if you look at the portion of the transcript i think it's page id 578 where the court is making this ruling at the sidebar the court says i find it's within the 10-year period the court also mentions rule 608 at that point so i think it is a little bit of a blurry line question but it's clear the court thought there was some probative value both in the conviction for its inherent impeaching nature under rule 609 but also its nature in contradicting the testimony that we had given on the stand and is it is it your view that rule rule 403 balancing is a gloss so even if it's the rule of impeachment by contradiction rule 403 would still apply to that one that's correct your honor it would um a little bit different from the standard in rule 609 rule 609 it's only if the evidence is more probative than its prejudicial effects under rule 403 evidence is only excluded if it's substantially more prejudicial than uh but your honor the prejudicial effect here was actually quite minimal and this is something i think maybe didn't uh get emphasized quite enough in the briefs but this is a very small portion of the trial there was about one page of cross-exam testimony where this is discussed the government never raised this conviction once during its closing argument the defense never raised the conviction once during its closing argument and the cross-examination focused exclusively on the question of whether this conviction contradicted the testimony that mr lee had given and i'd like to be very clear for the court uh the broad language that mr lee uh talked about as far as his policy of not keeping guns he talks generally about his police interaction this is on page id 574 and 575 is what i think is the best example of it he's talking about the police and says if they pull up on a crowd i always go to jail any time anything ever shaking if i'm in a crowd that's why i tell people around me don't bring nothing around me so he's not talking about this one incident and i think even the defense in just that night he's talking about a policy that he has not to keep guns around him he then went on to say right after the policy the the the real question of that policy is not whether he's had he's had his whole life but whether it comes as a result of prior convictions which makes the possession of a criminal a crime for him so i don't help me understand it seems to me that either he's saying i just never do that all my life i have not had guns around me that's one thing but to say i don't have guns around me since i was convicted before because it creates problems for me that's why would that open the door to the admission of a comparable prior conviction well judge a couple responses first i think the case would be a little bit different if mr lee had said i don't keep guns around me since i became a felon because i'm not allowed to have them that's did he not in fact say that in response to the government's questions when they were trying to tie him down about what he meant he said not anymore not since what 2005 or whatever the date was he didn't say that after ruling occurred your honor in part uh i think that actually takes away a little bit of the prejudice because mr lee was able to take that prior conviction and use it to to further what his defense was which was he didn't keep any guns around him after 2005 that theory also doesn't really make any sense because mr lee had been a felon well before that 2005 drug conviction he actually had four prior convictions before that including another firearm conviction so first of all it wouldn't make any sense for his policy not to keep guns around and to have begun in 2005 because he's already a prohibited person i was going to say if his if his implication was because i was a felon that would still be impeachment by contradiction because that shows that his felon status did not disqualify his gun or his instinct to carry guns at least in 2005 um so but the fact of the matter is i just find find it the transcript ambiguous on how far back he was referring to and so what's your what's your position on how we're supposed to resolve this issue when there's this inherent ambiguity about kind of what what he was referring to how far back i know that there's one example where he gives not just this incident but another incident where he says he jumped out of the car because there was a gun in it but what should we do in response to this ambiguity oh judge i think as you mentioned this case is a good one to show why there is a deferential standard of review in this sort of circumstance so this court reviews for clear error the courts the district court's factual findings and i think one important thing to note is this the testimony here actually changed the judge's mind so it might be one thing if this were a case where the judge being very cavalier about mr lee's prior convictions but the court here was intended to keep this conviction out from the beginning and the testimony was significant enough to make the judge think that mr lee had opened the door and i think when you read the entire transcript it is a little bit difficult when you're looking at a cold record and the district court has a better sense of what all of mr lee's testimony means so i think that standard comes into play when you have a somewhat ambiguous transcript like you mentioned here what do you um what do you make of the notion that there wasn't actually a factual finding um opposing counsel suggested i know what paragraph he was referring to when the judge issued the order the judges said i agree he's opened the door and there's a rebalancing do you think that that that paragraph should get clear error review i think it should judge there's also a more clear factual finding later on when the detail there there the court actually uh expressly relies on impeachment by as the basis for getting the evidence it also makes a factual finding saying that mr lee essentially testified that he shunned guns and it quotes the portion of the record uh that i just mentioned where mr lee said i don't want no guns miss safadi knows not to bring no guns around me i don't have nothing around me because i'm always there so i think at the moment the court was uh relying on i think it is a factual finding that the court finds that testimony was contradictory with mr lee's prior conviction and so it should get a significant amount of deference here again the defense focuses a lot on the prejudicial effect but this is a very minor amount of testimony that came in again about one page of transcript testimony never once mentioned during the closing argument from either side but we have to say counsel that um having proof in the record that you've committed this exact crime before would tend to impact the jury's thinking certainly not how could it not i certainly think there's some risk of prejudice there and that's what the district court was thinking when it initially yeah but it's under rule 609 i think given that i i agree when you have the same conviction there's some risk of prejudice there but given that circumstance this is the kind of situation where there's the least prejudice possible because the government didn't get up at closing argument and start hammering away at that conviction it never once mentioned again it didn't use that conviction as a sword during the cross exam it only asked mr lee questions about that about that conviction in context with what his direct exam testimony was and mr lee explained away that what he said as far as why he had that change in policy so while there is some risk of prejudice your honor it's relatively minimal given the way it all played out at trial um yeah let me finish up and then you take over if we trade thank you um just would you address the harmless error this is a pretty in-depth record let's just assume that it was improper to let it in um why would that be harmless error in your it would be harmless primarily for two reasons one because the prejudicial effect was minimal as i just described but second because the evidence in this case was overwhelming there was testimony from three separate dpd officers who all testified they saw officer brents as he was retrieving the gun from mr lee's pocket there was also body camera footage now i know the court uh hasn't reviewed it yet i hope it made it over to you i want to be clear your honor the body camera footage begins right as that gun is being retrieved and so it doesn't have a clear picture of officer brents as he's reaching into mr lee's pocket what it does the question why was the camera not on when the police officer approached there was some testimony about this at trial your honor uh the officers had a policy of uh trying to turn on their body cameras you have to activate it by pressing a button as soon as the citizen interaction occurred this was a fast developing situation where the officers came up saw the bulge in mr lee's pocket and we're trying to respond to that very quickly so what actually happens and there's testimony about this in the record as well is once the officers activate those body cameras they capture the 30 seconds prior to when that button was pushed so when you when you watch the body cameras you can see right as uh officer prince is recovering the gun you see an officer brent's hand as he's coming out of the pocket you see him making the gun safe and this was all played sort of frame by frame for the jury and then after that you hear the officers make a signal saying eagles which is hey everyone activate your body cam we're uh in a citizen interaction period so uh the officers did activate it um i think they were acting in good faith trying to activate it as quickly as possible but i do want to be clear uh when you do watch the footage you won't see the portions before right as the gun was retrieved there are however two different angles one from officer brent's which shows the gun in his hand as he's pulling it out of mr lee's pocket and a separate angle where you can see officer brent's uh reaching around as he's uh reaching into that pocket so there was body camera footage uh thank you for answering my question i believe i interrupted judge murphy uh so i was just going to switch briefly to the the ray half issue and um i just did a canvas of the circuit cases and uh saw that the fourth circuit has suggested that um at least in the guilty plea context the ray half issue is structural error in a case called gary i'm not certain whether you're familiar with the case or not but i was curious whether you could um opine on uh whether a missing element from an indictment should be deemed structural error and what we do about that i know the supreme court reserved it in cotton and it reserved it in a later case um and so i was just curious to get to get the government's position on it your honor we don't believe it's structurally not familiar with that case i have to confess um but i think the same issue here at least the question about the court's jurisdiction was squirrelly dealt with uh in the hobbs case which had essentially this exact same question i believe judge stranch was on panel for that case um it was a case involving just like this one a felon in possession conviction just like this one it came before rahaf and so that element was not alleged in the indictment uh there was no you know consideration about structural error there and that court relied on cotton in saying the court's not deprived of jurisdiction when the indictment fails to allege an element um again i'm not familiar with that fourth circuit decision so i can't speak as that but there's a query query though this case requires us to go a little bit further though doesn't it because um uh there's an argument not just that it's not jurisdictional but also that it was just um air to uh failed to include an element in the indictment and i believe at the end of that case there was a footnote that suggested that there was no other i don't think any six circuit case has squarely dealt with that issue and i don't think the defense really raised structural error in their brief but virtually the same issue as this case came up in the ward decision we submitted a rule 28 j letter on that it came out after the party's briefing and also in the conley decision which is unpublished those cases all dealt with circumstances very similar to these actually this case was a more clear one because mr lee's stipulation was not just that he was a felon it was also a stipulation that he knew he had uh he was convicted on the day of the offensive question so there's really uh no question here that the government could have demonstrated that had it been alleged in the indictment in fact it did demonstrate it through that stipulation and there's really no indication that any of mr lee's substantial rights were affected he also kind of argues in a contradictory nature between his first issue and the second one because if mr lee didn't stipulate that he was aware of the felony conviction certainly the length of sentence he served on that firearm conviction which was seven years would come into evidence in order to demonstrate that he actually knew he was a felon on the date in question and i see my timing is up your honor unless there are any further questions we ask the district court the affirmative thank you rebuttal you think your mute button may be on thank you i'll get the hang of this by the time we do this 20 times that's right i won't i won't take all four minutes i think i'll i say it sounds like at least for the first issue it comes down to prejudice and harmlessness and i feel that the strongest part about that is really it doesn't matter if it's only one page or four pages um and whether it doesn't come down to whether the defense brings up a prior conviction the reality is and we've got a case law in the brief and not just from this circuit but other circuits and even district court cases to the degree that it's not binding obviously but that when you hear when a jury hears that the defendant has this exact same conviction it's extremely prejudicial and with great respect for the government it sounds like the defense to that is well we didn't go we didn't really really hammer it we just brought it up once and i think bringing it up once is extremely prejudicial the fact that the government didn't hammer on it instead of being a feather in their cap is their good faith ability to stick to the limiting instruction instruction if they would have brought it up a few more times the argument would be stronger that they there would be a different argument that the government engaged in misconduct and violated the limiting instruction so although i appreciate the government not bringing it up time and time again i think that's more the absence of additional error not the lack of prejudice to my client would you respond to your opposing counsel's argument regarding harmless error uh i think i just made my best case that the it's find harmless error really what i want you to address is the overwhelming nature of the evidence that's the standard there not just was it although because the video does not show the gun coming from mr lee's pocket because it's the officer's testimony that creates the creates the evidence against mr lee mr lee takes the stand creating an issue of credibility for the jury not the judge not us for the jury so the jury has to make a decision uh is this weapon that's not registered to mr lee but it's registered to someone else who's actually on the scene did that come from mr lee or uh is mr lee telling the truth that he did not possess it so once that goes to the jury um i think it's a it's it's a toss-up it's a 50 50 the problem is the jury's totally done this before and i think that wins the the government's case for it i think the jury turns off uh it's it's what it's decision making it's credibility and puts it all in what is an unfortunate an inference that he must be guilty because he's done this before instead of letting the jury decide who was telling the truth thank you thank you we we appreciate both your arguments the case will be taken under advisement and an opinion rendered in due course